UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
NEW YORK

| | |
|---|---|
| IN RE: FARXIGA (DAPAGLIFLOZIN) PRODUCT LIABILITY LITIGATION <br><br> Civil Case Number: _____ <br><br> This document relates to: <br> Sandra B. Polk, <br><br>     Plaintiff, <br><br> -against- <br><br> BRISTOL-MYERS SQUIBB CO., ASTRAZENECA LP, and ASTRAZENECA PHARMACEUTICALS LP, <br><br>     Defendants. | 17-MD-2776 (LGS) <br> 17-MC-2776 (LGS) <br><br><br> HON. LORNA G. SCHOFIELD |

## SHORT FORM COMPLAINT

Plaintiff(s) file(s) this Short Form Complaint and Demand for Jury Trial against Defendants named below by and through the undersigned counsel. Plaintiff(s) incorporate(s) by reference the allegations contained in the Plaintiffs' Amended Master Long Form Complaint and Jury Demand in *In re: Farxiga (Dapagliflozin) Products Liability Litigation*, MDL 2776 in the United States District for the Southern District of New York.  Plaintiff(s) file this Short Form Complaint as permitted by Case Management Order No.  41 of this Court.

In addition to those causes of action contained in Plaintiffs' Amended Master

Long Form Complaint and Jury Demand, where certain claims require specific pleading and/or amendments, Plaintiff(s) shall add and include them herein.

## IDENTIFICATION OF PARTIES

### Identification of Plaintiff(s):

1. Name, age, and residence of the individual injured due to use of *dapagliflozin* product(s):  Sandra B. Polk, age 64, resides at 505 Holly Str E, Hampton, SC 29924.

2. Plaintiff(s) is/are a citizen of:  South Carolina

3. Consortium Claim(s): The following individual(s) allege damages for loss of consortium:  N/A

4. Survival and/or Wrongful Death Claims:  N/A

    Name, age, and residence of Decedent when he/she suffered *dapagliflozin* product(s) related injuries and/or death:   n/a

5. Plaintiff's gender is:  Female

6. Plaintiff filing this case in a representative capacity as the n/a _____ of _____ having been duly appointed as the _____ by the Court of _____.

7. Plaintiff(s) claims damages as a result of:

   __x__ Injury to herself/himself
   _____ Injury to the person represented
   _____ Wrongful death
   _____ Survivorship action
   __x__ Economic loss
   _____ Loss of services
   _____ Loss of consortium

## Identification of Defendants

8. Plaintiff(s)/Decedent Plaintiff(s) is/are suing the following Defendant(s) (please check all that apply):

   __x__     AstraZeneca LP

   __x__     AstraZeneca Pharmaceuticals LP

   _____   AstraZeneca PLC

   _____   AstraZeneca AB

   __x__     Bristol-Myers Squibb Co.

   _____   Other Defendants, Specify: _____.

## JURISDICTION AND VENUE

**Jurisdiction:**

9. Jurisdiction in this Short Form Complaint is based on:

   [x] Diversity of Citizenship

   [ ] Other (the basis of any additional ground for jurisdiction

must be plead in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

_____

_____

_____

**Venue**:

10. District Court and Division in which remand trial is proper and where you might have otherwise filed this Short Form Complaint absent the direct filing order by this Court:  U.S. District Court for the District of South Carolina

## CASE SPECIFIC FACTS

11. Plaintiff(s) currently reside(s) in (City, State):  Hampton, SC

12. Plaintiff/Decedent was first prescribed *dapagliflozin* product(s) on or about the following date  Approximately May 6, 2015.

13. At the time Plaintiff's/Decedent was first prescribed *dapagliflozin* product(s), Plaintiff/Decedent resided in (City, State):  Hampton, SC

14. Plaintiff/Decedent first began taking *dapagliflozin* product(s) on or about the following date Approximately May 6, 2015.

15. At the time Plaintiff's/Decedent first began taking *dapagliflozin* product(s), Plaintiff/Decedent resided in (City, State):  Hampton, SC

16. Plaintiff/Decedent's *dapagliflozin* product(s) injury occurred on or about the following date:  Approximately December 8, 2015.

17. At the time of Plaintiff's/Decedent's *dapagliflozin* product(s) injury, Plaintiff/Decedent resided in (City, State):  Hampton, SC

18. Plaintiff/Decedent was prescribed and used the following *dapagliflozin* products:

| x | FARXIGA |
| --- | --- |
|   | XIGDUO XR |

19. As a result of ingesting *dapagliflozin* products, Plaintiff/Decedent suffered personal and economic injur(ies), including, but not limited to, the following:  On approximately December 8, 2015, Plaintiff was hospitalized for DKA & AKI, along with pancreatitis. She spent approximately ten days in then Intensive Care Unit, as a result of her Farxiga related DKA injuries.  Prior to being hospitalized for DKA, Plaintiff was unaware of any potential association between the use of Farxiga and DKA.   Plaintiff's last refill of Farxiga occurred on or about December 2, 2015, prior to the FDA label change.

## CAUSES OF ACTION

20. Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the *Amended*

*Master Long Form Complaint and Jury Demand* as if fully set forth herein.

21. The following claims and allegations asserted in the *Amended Master Long Form Complaint and Jury Demand* are herein adopted by the Plaintiff(s):

  a. _X_ Count I – Strict Products Liability – Failure to Warn;

  b. _X_ Count II – Negligence;

  c. ____ Count III – Loss of Consortium;

  d. ____ Count IV – Wrongful Death;

  e. ____ Count V – Survival Action;

  f. ____ Count VI – State Law Product Liability Act (Failure to Warn): _____

  g. _X_ Count VII - Other (Specified Below).

22. *If paragraph 21(g) is checked,* Plaintiff(s) assert(s) the following additional theories and/or State Causes of Action against Defendant(s):

**Delayed Discovery and Equitable Tolling**

23. Under South Carolina law, the discovery rule applies to toll the running of the statute of limitations until the date the injury resulting from the wrongful conduct either is discovered or may be discovered by the exercise of reasonable diligence."[1]

24. Plaintiff's claim was timely filed within the required statute of limitations based upon the date the Plaintiff first learned of a causal link between her injury,

---

[1] *Tollison v. B & J Mach. Co.*, 812 F. Supp. 618, 620 (D.S.C. 1993)

namely DKA, and her use of Farxiga.

25. Plaintiff filed this lawsuit within the applicable statute of limitations period of having a reasonable basis to suspect that these medications caused the harm she sustained. Plaintiff could not, by the exercise of reasonable diligence, have discovered the wrongful cause of her injuries as the cause was unknown to Plaintiff. Plaintiff did not suspect, nor did she have reason to suspect that she had been injured, the cause of her injuries, or the tortious nature of the conduct causing her injuries until a date prior to the filing of these action, which is less than the applicable limitations period for filing suit.

26. Accordingly, no limitations period ought to accrue until such time as Plaintiff obtains a reasonable possibility if not a probability that her injury was caused by the wrongdoing of the Defendants and that her DKA injury was causally related to her use of Farxiga. As such, Plaintiff hereby invokes the discovery rule based on the fact that her Complaint was filed well within the time that it became reasonably possible that Plaintiff's use of Farxiga was causally realted to her DKA injury and that her injury was likewise caused by the wrongdoing of the Defendants. As set forth above, Plaintiff did not acquire this knowledge until she saw a legal advertisement.

If Plaintiff(s) include(s) additional theories of recovery, to the extent that they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with

the requirements of the Federal Rules of Civil Procedure.

_____

_____

_____

_____

**WHEREFORE,** Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, interests, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the *Amended Master Long Form Complaint and Jury Demand* as appropriate.

### JURY DEMAND

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

| | |
|---|---|
| Dated: <u>May 2, 2018</u> | Respectfully Submitted by,<br><u>/s/ Jessica A. Perez</u><br>Jessica A. Perez, LA #34024<br>Pendley, Baudin & Coffin, L.L.P.<br>24110 Eden Street<br>P.O. Drawer 71<br>Tel: (225) 687-6396<br>Fax: (225) 687-6398<br>jperez@pbclawfirm.com<br><br>**Counsel for the Plaintiff(s)** |